■ PATRICIA L. FOX, Appellant, v BERNARD R. FOX, Respondent. — In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (DeLuca, J.), dated December 21, 1983, as directed her to delete the last paragraph from a proposed mortgage note and paragraph 20 from a proposed mortgage which

were to be executed by plaintiff in connection with a transfer of defendant's interest in the former marital residence.

Order reversed insofar as appealed from, on the law, without costs or disbursements, and note and mortgage to be executed by the defendant shall include the last paragraph of the proposed mortgage note and paragraph 20 of the proposed mortgage.

The parties herein were married on November 18, 1972, and have two children, presently aged 10 and 8, respectively. Marital difficulties arose thereafter and in 1981, plaintiff served a summons and complaint upon defendant seeking a divorce on the ground of cruel and inhuman treatment. Defendant interposed a counterclaim for divorce based upon constructive abandonment.

At an inquest conducted on December 14, 1981, a stipulation was entered into regarding the distribution of marital property, and child support. Specifically, the stipulation provided as follows with regard to these issues:

"MR. GREEN [plaintiff's counsel] * * * With regard to the marital premises located at 16 Yaphank Avenue, Brookhaven, Town of Brookhaven, County of Suffolk, the wife shall purchase the husband's undivided one half interest in the premises for the sum of $15,000, which sum shall be tendered upon the presentation of a bargain and sale deed having been executed by the husband, and suitable for recording * * *

"With regard to the purchase by Mrs. Fox of Mr. Fox' interest in the marital premises, the said purchase shall be accomplished by securing Mr. Fox' interest in the marital premises by way of a second mortgage for a term of years and at an interest rate of eight and a half percent, and at a monthly payment by Mrs. Fox to Mr. Fox of an amount not to exceed $200 per month, the term of years to be determined based upon the interest and the principal amount due.

"MR. HELLER [defendant's counsel]: Counsel for Mrs. Fox will prepare the necessary bargain and sale deed and bond and mortgage with regard hereto.

"THE COURT: Is the wife going to take subject to, or assume?

"MR. GREEN: We will take subject to the existing mortgage on the marital premises * * *

"MR. GREEN: With regard to the support for the infant issue, Amy Lynn and Seth Robert, the husband shall pay to the wife the sum of $200 per month, due and payable the first of each month. This sum shall be apportioned on a weekly basis of $50 per week, $25 per week per child.

"THE COURT: What happens if he doesn't pay support? Can she apply any part of the mortgage payments to satisfy the payments of support?

"MR. GREEN: With regard to the payment for support of the infant issue, if the defendant defaults in the payment of any monthly payments, the then mortgage payment on the subordinate mortgage to the defendant shall be taken as a credit in the absence of the child support, and shall therefore offset that monthly mortgage payment".

On April 19, 1982, a judgment of divorce was granted to each of the parties. It provided, *inter alia,* that "the stipulation placed on the record on the fourteenth day of December, 1981 * * * shall survive and shall not be merged in this judgment". In accordance with the stipulation, the judgment also provided as follows:

"ORDERED, ADJUDGED AND DECREED that the plaintiff shall purchase the defendant's undivided interest in the marital premises known as 16 Yaphank Avenue, Brookhaven, Town of Brookhaven, County of Suffolk, New York, for the sum of $15,000 by way of a second mortgage for a term of years and at an interest rate of 8½ percent at a monthly payment not to exceed $200, the term of years to be determined based upon the interest and the principal amount due. Plaintiff will tender a bargain and sale deed with covenant's against grantor's acts and suitable for recording * * *

"ORDERED, ADJUDGED AND DECREED that defendant shall pay to plaintiff the sum of $200 per month, due and payable the first of each month. This sum shall be apportioned on a weekly basis of $50 per week, $25 per child. Said sum as and for support and maintenance of the infant issue of the marriage. Should defendant default in the payment of any monthly payment, the then mortgage payment on the subordinate mortgage to the defendant shall be taken as a credit in the absence of the child support, and shall, therefore, offset that monthly mortgage payment".

On or about November 4, 1982, plaintiff moved by order to show cause to compel transfer of title of the marital home to her. By order dated December 6, 1982, Special Term held, *inter alia,* that "[u]pon tender by plaintiff of the requisite bond and mortgage, defendant shall deliver a conveyance of his interest in the marital premises".

A dispute subsequently arose between the parties regarding the language in the mortgage and mortgage note tendered by plaintiff to defendant. Thereafter plaintiff moved to punish

defendant for contempt in violating the prior court order dated December 6, 1982. By order dated June 9, 1983, Special Term denied the motion and directed that plaintiff "execute a new mortgage note and mortgage which shall comply with the provisions of the stipulation, the Judgment of Divorce dated April 19, 1982 and the order of the Court dated December 6, 1982, and said instruments shall not include any special provisions not included in the stipulation, Judgment and order, *supra*".

Plaintiff then tendered a proposed mortgage note and mortgage to defendant. Paragraph 20 of the proposed mortgage provided as follows: "20. This mortgage is made and is subject to a certain decree of divorce entered on April 26, 1982, and is further subject to a certain stipulation placed on the record in Supreme Court, Suffolk County, on the 14th day of December, 1981, under Index No. 81-15939". The last paragraph of the proposed mortgage note contained the same language.

Due to defendant's objection to this language in the mortgage and mortgage note, plaintiff again found it necessary to move for an order punishing him for contempt in failing to comply with the prior court orders dated December 6, 1982, and June 9, 1983. In a supporting affidavit, plaintiff argued, *inter alia,* that since the conveyance of the former marital premises was part of the stipulation of settlement of the divorce action, it was incumbent upon her to refer to the stipulation of settlement in the mortgage and mortgage note. Plaintiff further argued that the stipulation of settlement provided that in the event of defendant's default in payment of child support, she was to credit "the * * * amounts not paid" against the amount due on the mortgage.

In opposition to plaintiff's motion, defendant argued, *inter alia,* that "[t]he mortgage and mortgage note should comply to [*sic*] standard banking and real estate practices [and] all covenants should be stated without reference to other documents".

By order dated December 21, 1983, Special Term directed, *inter alia,* that (1) defendant execute and deliver to plaintiff a deed of his interest in the marital premises and (2) plaintiff execute a mortgage note and mortgage "as annexed to the Show Cause Order, deleting from said mortgage note, the last paragraph and from the mortgage, paragraph 20".

Special Term erred in directing plaintiff to delete the last paragraph from the proposed mortgage note and paragraph 20 of the proposed mortgage.

Both of these provisions contained references to the divorce judgment, dated April 19, 1982, and the stipulation of settlement entered into on December 14, 1981. The stipulation of

settlement, which is referred to in the divorce judgment, reflects an express agreement between the parties that in the event of defendant's default in payments of child support, plaintiff could credit such unpaid amount of child support against her mortgage payment obligations. Since any default by defendant in his child support payments would alter and reduce plaintiff's obligation under the mortgage not only to the defendant, but to any assignee or transferee of the mortgage and note, it is proper for plaintiff, in an attempt to fully protect her interests, to insert references in the proposed mortgage and mortgage note to (1) the stipulation of settlement, (2) the divorce judgment and (3) the provisions therein which allow her to reduce her monthly payment in the event defendant defaults in his monthly child support payment.

Accordingly, both parties are directed to execute all the necessary documents to accomplish the result directed herein.

Finally, it appears that plaintiff has an application pending in the Supreme Court, Suffolk County seeking a money judgment against defendant for arrears in child support. Should the court hearing that matter determine that defendant is in arrears in his child support payments, plaintiff may apply the amount of such arrearage toward her mortgage obligation as provided in the stipulation of settlement entered into by the parties on December 14, 1981. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.